UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

THOMAS UHLIG,

**Plaintiff,**

v.                    4:10-cv-303

DARBY BANK & TRUST CO.,
DRAYPROP, LLC, DRAYPARK, LLC,
MICHAEL BROWN, REUBEN CROLL,
and MARLEY MANAGEMENT, INC.,

**Defendants.**

## ORDER

### I. INTRODUCTION

Plaintiff Thomas Uhlig filed a complaint against Defendants Darby Bank & Trust Co., Drayprop, LLC, Draypark, LLC, Michael Brown, Reuben Croll, and Marley Management, Inc. (collectively "Defendants") in the State Court of Chatham County, on February 8, 2010. *See* Doc. 1-3. He amended the complaint on July 8, 2010. *See* Doc. 1-5.

Plaintiff purchased two units on the fourth floor of the Drayton Tower building, and Defendants played various roles in the renovation of the property. *See id.* at 3-5. In the amended complaint, Plaintiff alleges the renovation was not finished in the timeframe promised, and that the property contained asbestos, contrary to the representation of certain Defendants. *See id.* As a result of these failures and misrepresentations, Plaintiffs allege claims against Defendants for: (1) negligent misrepresentation, (2) breach of contract, (3) negligence, (4) fraud, and (5) failure to warn. *See id.* at 5-10.

On November 12, 2010, the Georgia Department of Banking and Finance ("GDBF") took possession of Darby Bank, and appointed the Federal Deposit Insurance Corporation ("FDIC") as its receiver. *See* Doc. 1 at 2. The same day, the FDIC seized control of Darby Bank, and GDBF filed a petition for the appointment of a receiver in the Superior Court of Toombs County. *See id.* at 2.

The FDIC removed Plaintiff's complaint to this Court on December 21, 2010. *See* Doc. 1. It claims removal was timely and proper under the authority of the Federal Deposit Insurance Act. *See id.* at 2.

Plaintiffs have moved to remand the case to the State Court of Chatham County on the basis that the FDIC is not a proper party to the case, and as such, cannot remove it to this Court. *See* Doc. 6.

The FDIC has moved for summary judgment. *See* Doc. 9.

### II. MOTION FOR REMAND

The FDIC claims authority to remove this case based on 12 U.S.C. § 1819(b)(2), which provides:

(A) In general

Except as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States.

(B) Removal

Except as provided in subparagraph (D), the [FDIC] may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the [FDIC] or the [FDIC] is substituted as a party.

. . .

(D) State actions

Except as provided in subparagraph (E), any action

>    (i) to which the [FDIC], in the [FDIC's] capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;
>
>    (ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and
>
>    (iii) in which only the interpretation of the law of such State is necessary,

Shall not be deemed to arise under the laws of the United States.

(E) Rule of construction

Subparagraph (D) shall not be construed as limiting the right of the Corporation to invoke the jurisdiction of any United States district court in any action described in such subparagraph if the institution of which the [FDIC] has been appointed receiver could have invoked the jurisdiction of such court.

"[T]he burden of proving a lack of federal jurisdiction in this action rests on the plaintiff opposing removal and not the FDIC." *Lokey v. Darby Bank & Trust Co.*, No. 4:10-cv-298, Doc. 39 at 3 (S.D. Ga. May 4, 2011) (citing *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 785 (11th Cir. 2005)).

Plaintiff argues that remand is appropriate because the FDIC is not a proper party to the action. *See* Doc. 6 at 3-6. According to Plaintiff, the FDIC failed to comply with Georgia procedure for joining the action, and thus, the subsequent removal was improper. *See id.* at 4. The Georgia code provides: "In case of any transfer of interest, the action may be continued by or against the original party unless the court, upon motion, directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." O.C.G.A. § 9-11-25.

The Eleventh Circuit has noted that "[i]n crafting the right in § 1819, Congress used very strong language to afford the FDIC every possibility of having a federal forum, and state procedural law cannot be invoked to frustrate the unambiguous intent of federal legislation." *Id.* (internal citations omitted). *See also Chicago R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1956) ("For the purpose of removal, the federal law determines who is plaintiff and who is

2

defendant. It is a question of the construction of the federal statue on removal, and not the state statute. The latter's procedural provisions cannot control the privilege or removal granted by the federal statute.").

The Court, therefore, looks to the Federal Rules of Civil Procedure to determine whether the FDIC is a proper party to this action. *See Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 784 (11th Cir. 2005); *Farina v. Mission Inv. Trust*, 615 F.2d 1068, 1075 (5th Cir. 1980).

Federal Rule of Civil Procedure 25(c) requires "that the court act upon a motion to substitute," and does not allow "for automatic substitution when there is a transfer of interest." *See Vision Bank v. Bama Bayou, LLC*, 2011 WL 521611, at *2 (S.D. Ala. Feb. 14, 2011); *see also Lokey v. Darby Bank & Trust Co.*, No. 4:10-cv-298, Doc. 39 at 6 (S.D. Ga. May 4, 2011) (rejecting the filing of a notice of substitution as insufficient without a court order allowing it); *Osborne v. Darby Bank & Trust Co.*, No. 4:10-cv-296, Doc. 46 at 6 (S.D. Ga. May 4, 2011) (same); *Minkner v. Wash. Mut. Bank, N.A.*, 2010 WL 376964, at *3-4 (D. Ariz. Jan. 25, 2010) (FDIC not automatically a party upon appointment as receiver); *J.E. Dunn Nw., Inc. v. Salpare Bay, LLC*, 2009 WL 3571354, at *4 (D. Or. Oct. 26, 2009) (FDIC not a party until the state court grants a motion to substitute).

The FDIC filed a notice of substitution in the state court, *see* Doc. 6-3, but there is no evidence that the state court entered an order substituting the FDIC as a party in this case. *See* Docs. 1-3, 1-4, and 1-5 (purportedly including "copies of all process, pleadings and orders filed in the State Court of Chatham County," Doc. 1 at 3). The FDIC cannot remove.

### III. CONCLUSION

Plaintiff's motion for remand, *see* Doc. 6, is **GRANTED**. This case is remanded to the State Court of Chatham County for further proceedings.

The FDIC's motion for summary judgment, *see* Doc. 9, is **DISMISSED**.

This 11th day of May 2011.

*[signature]*

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA